SLOVITER, Circuit Judge,
dissenting.
Because I believe that it was not an abuse of discretion for the District Court to conclude that the portions of Scherfs *262 report related to causation and damages were unreliable, I respectfully dissent.
The majority applies plenary review to the District Court’s decision to exclude portions of Scherf s report. That standard is only appropriate when reviewing a district court’s interpretation of Federal Rule of Evidence 702. See Heller v. Shaw Indus., Inc., 167 F.3d 146, 151 (3d Cir.1999). The majority, however, does not take issue with the District Court’s interpretation of Rule 702, but with its interpretation of securities law.
Securities law is irrelevant here. The appropriate measure for the reliability of expert testimony does not depend on what the testimony is being introduced to prove, but on whether the expert reaches his/her conclusions by applying “reliable principles and methods” to the facts in the case. Fed.R.Evid. 702. Scientific methods that would be unreliable in a typical securities fraud case do not become reliable because they are being used in a non-typical case. Thus, the opinion’s lengthy discussion of securities law is immaterial, and its use of plenary review is erroneous.
We must instead review the District Court’s decision to exclude Scherf s expert testimony for abuse of discretion. Scherf s conclusions were based on the correlation ... between the misrepresentations [made to Call] and the subsequent decline in the price of Pure Earth’s stock. App. at 166. Correlation is not causation. As Scherf himself noted, “[i]n order to ensure that the fluctuations in stock price experienced by Pure Earth were not the result of outside factors” the report needed to control for other variables. App. at 168. The report, however, only compared the trajectory of Pure Earth’s stock price to the Dow Jones Industrial Average and to waste-management companies with dramatically different business models. The District Court did not abuse its discretion by concluding that such inapt comparisons undermined the reliability of Scherf s testimony and therefore justified excluding it under Rule 702.[1]
For these reasons, I would affirm the District Court.

. As the majority notes, Call was not required to provide a market study in this, a non-typical securities fraud case. He was, however, required both to prove that the misrepresentation was a proximate cause of the loss and to establish damages as a result of this misrepresentation. Call could have introduced a different expert report to achieve these ends. For example, an expert familiar with waste-hauling companies might have been able to reliably assess Pure Earth’s value both with and without a New York City hauling license. Such an assessment would not have depended on Pure Earth's stock price and so would not have had to account for other causes of the stock's decline. Scherf’s report, however, drew conclusions based on Pure Earth’s stock price. It was appropriate for the District Court to conclude that in order for such a study to be reliable, it had to account for other market factors that could have contributed to the stock's decline.